UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| UNITED STATES OF AMERICA, | ) | Case No.: 13-CR-00159-LHK (PSG) |
|---|---|---|
| Plaintiff, | ) ) | **ORDER RE DEFENDANT'S DETENTION AND SETTING HEARING** |
| v. | ) ) ) | |
| ROSEMARIE ALMIRANEZ GAN, | ) ) | |
| Defendants. | ) ) ) | |

On April 1, 2013 the court heard arguments regarding the government's motion to detain Defendant Rosmarie Almiranez Gan ("Gan"). The parties initially appeared for hearing on the motion on March 28, 2013. After opening the hearing, the court continued it to yesterday. Gan was represented by retained counsel Daniel Olmos; the United States was represented by Assistant United States Attorney Jeffrey Schenk.

After considering the arguments and proffers presented by both parties, as well as Pretrial Services reports and the statements of several victims who were heard pursuant to the Crime Victims' Rights' Act of 2008, the court granted the government's motion. Significantly, neither the government nor Gan presented any briefing in advance of the hearing. The court does not intend any criticism of counsel whatsoever by this observation. It merely notes this because in

1

Case No.: C 13-0159 LHK (PSG)
ORDER

analyzing case law following the hearing the court has uncovered significant authority supporting an argument Gan presented for the first time at the hearing: that the hearing itself was unwarranted because the government cannot lay claim to any of the conditions required for a hearing under 18 U.S.C. § 3142. Because this authority suggests that economic danger alone cannot justify the detention hearing required of any detention request, the court must reconsider whether its detention order was proper. To that end, the court order that the parties appear for a further hearing on April 3, 2013 at 9:30 AM. Any briefing in advance of the hearing, no matter how limited, is permitted and indeed appreciated.

## I. BACKGROUND

Gan is charged in an indictment filed with this court on March 13, 2013 with five counts of wire fraud in violation of 18 U.S.C. § 1343. The indictment also includes various forfeiture allegations. The government contends that Gan engaged in a scheme to defraud investors in blocks of discounted airline tickets. According to the indictment, Gan promised that after purchasing the tickets she would sell them at a markup, allowing her to pay the investors a commission on each ticket sold while pocketing the difference. The indictment further alleges that despite this promise, Gan in fact used the investor's money to pay other investors' delinquent commission payments and her personal expenses, leaving not only the investors' but also those to whom Gan had sold the tickets high and dry.

After her arrest, Gan made her initial appearance before the Honorable Howard R. Lloyd on March 25, 2013. Upon a motion by the government, Judge Lloyd set a hearing on the motion before the undersigned on March 28. Although the government made a proffer at the hearing in support of its motion, to provide Pretrial Services the opportunity to interview Gan and recommend a disposition, the court continued the hearing to April 1 without objection from either party. At both sessions of the hearing, multiple victims exercised their rights to be heard and were permitted

2

Case No.: C 13-0159 LHK (PSG)
ORDER

to address the court. At the second hearing, but not the first, Gan (through her counsel) objected to the crime victims' appearance absent the opportunity to cross-examine them. In the absence of any briefing or case citation from either the government or Gan, the court took a brief recess to consider Gan's right to cross-examination. After the recess the court announced its conclusion that Gan enjoyed no right to cross-examine the victims, and permitted their appearance accordingly. The court also addressed a proposed surety, Elaine Vera, and entertained a further proffer from the government. Both the government and Gan's counsel presented extensive oral arguments, although they elected not to submit any briefing.

The government was clear in its proffers and arguments that it did not seek detention based on Gan's risk of flight or obstruction of justice. Nor did the government urge that Gan poses any risk of physical danger if released. Instead, the government grounded its motion entirely on the notion that Gan poses an undue risk of economic danger. In addition to allegations set forth in the indictment, the government proffered that Gan continued to perpetrate the same scheme even after she was put on clear notice of the government's investigation after execution of a search warrant on her travel agency in 2011 and conversations between her prior counsel and the government shortly thereafter.

The government also emphasized that not one of Gan's family members or friends was willing to post any funds or property to secure a bond. Gan did not respond directly to the government's suggestion that not even full knowledge of a federal investigation dissuaded Gan from her activities, but did challenge the notion that security could reasonably be expected from individuals without the means to provide it. Despite not raising the issue either at her initial appearance or the opening session of the detention hearing, Gan further disputed the government's right to a hearing based on economic danger alone and argued that if a hearing were nevertheless warranted the court could set conditions to address the risk of economic harm Gan's release might

3

Case No.: C 13-0159 LHK (PSG)
ORDER

pose.  Gan joined in Pretrial Services' recommendation that Gan's travel be restricted to this district, that she report immediately upon release for supervision by Pretrial Services, that she surrender all travel documents, that she remain in Ms. Vera's custody, and that she not change residences without Pretrial Services' prior approval.

## II. DISCUSSION

Generally, a court must release a defendant on bail on the least restrictive condition or combination of conditions that will reasonably assure the defendant's appearance when required and the safety of the community.[1]  Put another way, criminal defendants are ordinarily entitled to go free before trial.[2]  There are, however, "rare circumstances" in which detention is warranted.[3]  As the court explained at the hearing, the issue before it is not whether Gan has been charged in a tawdry scheme, nor whether her actions deserve condemnation by the community at large, and certainly not whether Gan is innocent or guilty of any crime or deserving of any punishment.  What is before the court is simply whether the government has carried its burden of demonstrating that which it claims:  that no condition or combination of conditions can reasonably protect the community from economic harm at Gan's hands.

In the usual case, the court would proceed immediately to address the factors set forth in 18 U.S.C. § 3142(g):  (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of 18 U.S.C. § 1591, a crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device; (2) the weight of the evidence against the person; (3) the history and characteristics of the person; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's

---

[1] *See* 18 U.S.C. § 3142(c)(1)(B).

[2] *See United States v. Motamedi*, 767 F.2d 1403, 1405 (9th Cir. 1985).

[3] *See id.*

4

Case No.: C 13-0159 LHK (PSG)
ORDER

release.[4] The government bears the burden of showing by clear and convincing evidence that the defendant poses a danger to the community.[5]

But here, Gan raised an important preliminary challenge to the government's motion. As noted above, at the April 1 session of the detention hearing, Gan argued that the government lacks any statutory basis for seeking a detention hearing. Gan further argued that because a detention hearing is a necessary predicate for granting any motion for detention, Gan must be released immediately, albeit on whatever conditions the court deemed appropriate.

The Bail Reform Act gives the government two bases for any hearing request. Under 18 U.S.C. § 3142(f)(1), the government may seek a hearing where the defendant has been charged in a case involving: (1) a crime of violence, which carries a maximum of ten years or more; (2) an offense which carries a maximum of life imprisonment or death; (3) serious drug offenses; (4) felonies committed by certain repeat offenders; and (5) felonies that are not otherwise crimes of violence that involve a minor victim or the possession or use of a firearm, destructive device, or any other dangerous weapon. Under 18 U.S.C. § 3142(f)(2), the government may seek a hearing in a case that involves either "(A) a serious risk that the defendant will flee or (B) a serious risk that [the defendant] will obstruct or attempt to obstruct justice." There is no dispute that Gan does not pose the sort of flight risk or obstruction of justice addressed in Section 3142(f)(2). Indeed, the government has candidly acknowledged as much in making its motion. That leaves Section 3142(f)(1) as the only possible justification for holding a hearing as the government requested.

The only possible argument apparent to the court under Section 3142(f)(1) is that Gan's alleged crime is somehow a crime of violence. But after significant research on its own initiative, the court has not uncovered one case holding that wire fraud, however pervasive or damaging, is sufficient to trigger a hearing pursuant to the "crime of violence" provision of Section 3142(f)(1).

---

[4] *See also United States v. Gebro*, 948 F.2d 1118, 1121 (9th Cir. 1991).

[5] *Id.* at 1121.

5

Case No.: C 13-0159 LHK (PSG)
ORDER

A "crime of violence" is defined in 18 U.S.C. § 3156(a)(4) as "an offense that has an element of the offense the use, attempted use, or threatened use of physical force against the person, [or] any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."

A variety of cases, albeit all outside of the Ninth Circuit, have held that this definition does not include crimes such as the wire fraud alleged here even where a significant risk of future harm exists. For example, in *United States v. Himler*, the Third Circuit held that a defendant charged with false identification could not be detained on a "crime of violence" basis.[6] In *United States v. Friedman*, the Second Circuit similarly vacated a detention order because the defendant was not charged with a crime of violence when charged with child pornography and there was no other basis for holding a detention hearing.[7] Under these circumstances, no matter the court's serious concerns that Gan poses an undue risk of economic danger if released, it nevertheless must pause to consider its authority to order Gan detained.

As the court noted at the hearing on April 1, the fact that Gan did not raise a challenge under Section 3142(f)(1) at either the March 25 initial appearance or the initial session of the detention hearing on March 28 could give rise to an argument that the challenge was waived. But Gan did present a general challenge to the government's request, at least on March 28, and the court does believe that an issue as important as the liberty of one who is presumed innocent should not turn on such an argument. Bail is a matter of constitutional, as well as statutory law, and the Constitution as well as respect for Congress' direction in this instance requires that the merits of Gan's challenge be resolved.

To aid in its resolution of this imperative question, the court will hold a further hearing on the matter as described above, and it requests that any briefing by the parties in advance of the

---

[6] *See* 797 F.2d 156, 160 (3d Cir. 1986).

[7] *See* 837 F.2d 48, 49 (2d Cir. 1988).

6

Case No.: C 13-0159 LHK (PSG)
ORDER

hearing be filed as early as is feasible so that it may fully consider the arguments before the hearing tomorrow.

**IT IS SO ORDERED.**

Dated: April 2, 2013

_Paul S. Grewal_
PAUL S. GREWAL
United States Magistrate Judge